CLERK'S OFFICE U.S. DIST COURT
AT CHARLOTTESVILLE, VA
FILED

JAN 26 2009

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| FATIMA PARKER,<br><br>                              *Plaintiff,*<br><br>v.<br><br>ALBEMARLE COUNTY PUBLIC<br>SCHOOLS, ET AL.,<br><br>                             *Defendants.* | CIVIL NO. 3:08cv00040<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

This matter is before the court on the Plaintiff's Motion to Reconsider (docket no. 52) this Court's decision dismissing her Complaint. The matter has been fully briefed by the parties, and may be resolved without a hearing. The Motion is therefore ripe for decision. For the following reasons, the Plaintiff's Motion will be denied.

## I. BACKGROUND

The facts of this case are set out in detail in this Court's opinion dismissing the Complaint, and will not be reiterated here. The Plaintiff moves the Court to reconsider that decision on the grounds that the Court's prior decision was legally erroneous. The Plaintiff contends that this Court erred in ruling that the Fifth Amendment right against self-incrimination and the Sixth Amendment right to confront witnesses did not apply in Plaintiff's case. The Plaintiff also argues that the Court lacked objectivity on the use of the "n-word" among African-Americans, that the Court erroneously concluded that Plaintiff failed to state a claim of a violation of her due process rights, and that the Plaintiff was not afforded sufficient latitude as a *pro se* litigant to develop her claims.

## II. STANDARD OF REVIEW

The Plaintiff moves for reconsideration pursuant to Federal Rule of Civil Procedure 59(e), which provides that a party may move to amend or alter a judgment within ten days of its entry. The Plaintiff's motion was timely filed. The Fourth Circuit has "recognized three grounds for amending an earlier judgment [pursuant to Rule 59(e)]: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir.1993); *see also Pacific Ins. Co. v. American National Fire Insurance Co.*, 148 F.3d 396, 403 (4th Cir. 1998). A Rule 59(e) motion may not be used to "raise arguments which could have been raised prior to the issuance of the judgment." *Pacific Ins. Co.*, 148 F.3d at 403. The appropriateness of granting a motion to reconsider is within the sole discretion of the court. *Boryan v. United States*, 884 F.2d 767, 771 (4th Cir.1989).

## III. DISCUSSION

The Plaintiff has not shown grounds sufficient to justify granting her motion for reconsideration. The Plaintiff does not point to a change in the controlling law since this Court dismissed the Complaint. The Plaintiff does not contend that there is any "newly discovered evidence" that warrants relief from the judgment. Rather, the Plaintiff argues that the Court's previous ruling constituted clear legal error. Having reviewed my previous ruling and the arguments of the parties, I remain convinced that the Plaintiff failed to state a claim upon which relief might be granted, and that my previous ruling did not constitute clear legal error.

Further, while it is true that pleadings drafted by *pro se* litigants are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), and a court is charged with liberally construing a pleading filed by a *pro se* litigant to

-2-

Case 3:08-cv-00040-NKM-BWC   Document 56   Filed 01/26/09   Page 2 of 3   Pageid#: 226

allow for the development of a potentially meritorious claim, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), this does not mean that a court must entertain claims for relief that have no chance of success on the merits. *See Weller v. Dept. of Social Svcs.*, 901 F.2d 387 (4th Cir. 1990); *Pinckney v. Ozmint*, 490 F.Supp.2d 670, 675 (D.S.C. 2007) ("The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court."). Instead, these principles serve to ensure that a meritorious claim is not defeated by "technical pleading requirements" of which a *pro se* plaintiff might be unaware. *Gordon*, 574 F.2d at 1151. The Plaintiff in this case very clearly articulated her legal arguments and the factual basis for her claims, and the Court did not dismiss her claims because of any technicality. The Court found that, even taking all of Plaintiff's allegations as true, those allegations failed to state a violation of Plaintiff's rights under the Constitution or any relevant civil rights statutes. Accordingly, the Court gave due latitude to the Plaintiff as a pro se litigant.

## IV. CONCLUSION

For the foregoing reasons, the Plaintiff has failed to show that this Court's previous ruling constituted clear legal error, and her Motion for Reconsideration will be denied. An appropriate Order will follow.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and accompanying Order to all counsel of record and to the Plaintiff.

ENTERED: This 26th Day of January, 2009.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE